**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-005-KEW |
| ) | |
| BILLIE JANE STAPP, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Counsel for Defendant, Art Fleak, submitted a CJA voucher for compensation of his time in the legal representation of Defendant in this misdemeanor case. Defendant was charged and ultimately plead guilty to the single count contained in a Misdemeanor Information for violation of 18 U.S.C. § 1167, theft from a gaming establishment located on Indian lands.

Mr. Fleak submitted a CJA voucher requesting $3,597.07 in compensation for representing Defendant for the duration of this case. Currently, the maximum compensation for non-capital, misdemeanor cases is $2,900.00. 18 U.S.C. § 3006A(d)(2).[1] Counsel directed a letter of explanation for exceeding the statutory maximum compensation. Primarily, Mr. Fleak states that the excess compensation is justified because (1) his office is located in Tulsa, Oklahoma, Defendant lives in McAlester, Oklahoma, and the

---

[1] Current maximum allowable total compensation and hourly rates are reported at http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses#a230_16.

Court is located in Muskogee, Oklahoma which "made communication difficult"; (2) discovery included "many lengthy videos which required multiple viewing"; (3) he was required to travel to the Court in Muskogee, Oklahoma on three occasions for arraignment, plea, and sentencing; and (4) he obtained a good result for Defendant and does not feel he could have effectively handled the case with less work.

In order to waive the maximum allowable fee in this case, this Court must find that (1) this case involved "extended or complex representation"; and (2) the amount of excess payment was necessary to provide fair compensation. The certification of these findings is subject to the approval of the Chief Judge of the Tenth Circuit Court of Appeals. 18 U.S.C. § 3006A(d)(3). This Court can certify neither of the required findings in this case to exceed the maximum allowable compensation.

The circumstances presented by this case were not particularly unique, lengthy, or complex. A misdemeanor information was filed in January of 2017, Mr. Fleak was appointed as Defendant's counsel in February of 2017, and Defendant pled guilty in April of 2017. No unusual court proceedings were conducted, including no suppression motion or other filing which might extend the case. Consequently, this Court cannot conclude that this was a case involving extended or complex representation.

Moreover, the payment sought by Mr. Fleak in excess of the maximum allowable amount is not required to permit his fair compensation. The CJA authorizes compensation for time "reasonably expended" and expenses "reasonably incurred." 18 U.S.C. § 3006A(d)(1). Attorney time actually expended does not necessarily equate to attorney time reasonably expended. Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983) *disapproved on other grounds by* Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987). In determining the total amount of reasonable time and expense, it is necessary to keep in mind that appointments under the CJA "are to protect the rights of the indigent accused, and they are neither to be sought nor made for the purpose of providing income to attorneys." United States v. Self, 818 F.Supp. 1442, 1446 (D.Utah 1992). Indeed, acceptance of a CJA appointment is equivalent to agreeing to perform a public service. Id. *See also* United States v. Cook, 628 F.Supp. 38, 41 (D.Colo. 1985)(citations omitted).

Counsel asserts the travel required to represent Defendant increased his time expended. "Reasonable compensation" for travel is considered by this Court to be at a rate of one half the normal allowed hourly rate, as this is non-productive time in the legal representation of Defendant. This would result in a reduction of $390.00 from the "Travel Time" category on the voucher submitted by

counsel.  The remaining excess compensation of $307.07 will be deducted from the time expended by counsel in this case from the "Interviews and Conferences" category on the voucher based upon the inability of this Court to justify the expenditure under the criteria established in § 3006A(d)(3).

IT IS THEREFORE ORDERED that the CJA voucher submitted by Art Fleak, counsel for Defendant, is **APPROVED** in the amount of $2,900.00 for the reasons stated herein.  The appropriate deductions will be reflected in the electronic voucher entered in this case.

IT IS SO ORDERED this 5th day of October, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE